**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

JAIDEN FERGUSON                                                    PLAINTIFF


v.                                    3:16CV00245-JM-JJV


LARRY MILLS, Sheriff,
Poinsett County Detention Center,                                  DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge

James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.   If

the objection is to a factual finding, specifically identify that finding and the evidence that supports

your objection.   An original and one copy of your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of the findings

and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.     INTRODUCTION

Jaiden Ferguson ("Plaintiff") is a former inmate of the Poinsett County Detention Center (Jail).   She filed this action *pro se* pursuant to 42 U.S.C. § 1983, alleging her Eighth and Fourteenth Amendment rights were violated because, "The felony woman's pod at [the jail] has a shower that violates every health code."   (Doc. No. 2 at 4.)   Plaintiff seeks compensatory and punitive damages.   *Id.*

Sheriff Larry Mills is the sole defendant and has filed a Motion for Summary Judgment (Doc. No. 14), contending he is entitled to qualified immunity and that the facts alleged do not rise to the level of a constitutional violation.   Plaintiff has not responded to the Motion and the matter is now ripe for a decision.   After careful consideration of the Motion, for the following reasons, I find summary judgement is appropriate and this action should be DISMISSED.

## II.    FACTS

According to Plaintiff's Complaint, the shower lacks proper ventilation so condensation builds up on the ceiling and walls, water accumulates in the showers which rises to two inches in

depth, and black mold grows "all over the shower."  (Doc. No. 2 at 4.)  The accumulated water causes the floor to get "slimy" which has caused Plaintiff to "slip and fall" numerous times.  *Id.* Plaintiff states she is allergic to the "black mold" that grows on the ceilings and walls of the shower and, "The staff and [S]heriff think using a shop-vac every other week to sweep it up solves the problem."  *Id.*  Plaintiff is suing Defendant because he "knows about this situation and does nothing to fix it."  *Id.*

## III.    SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing particular parts of the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"  Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the non-moving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The non-moving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The non-moving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.*  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).

Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010). Lastly, while the record is generally construed in Plaintiff's favor, the Court is not required to accept his version of the facts if it is so blatantly contradicted by the record that no reasonable jury could believe it. *See Jones v. McNeese*, 675 F.3d 1158, 1162 (8th Cir. 2012).

## IV.    ANALYSIS

### A.    Official Capacity

Defendant points out that Ms. Ferguson does not state whether she is suing Sheriff Mills in his personal or official capacity. When a complaint is silent as to capacity, it must be interpreted to state only official capacity claims. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). As such, Ms. Ferguson's claims should only proceed against Poinsett County. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). And to hold the county liable for any violation of her rights, Plaintiff must assert that some policy or custom of the county "played a part in the violation of federal law." *Id.*

> § 1983 liability against counties and other local government units is limited:
>
> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decision making channels.

*Monell v. Dept. of Social Svcs.*, 436 U.S. 658, 690-91 (1961).

As Defendant correctly argues, Plaintiff's Complaint fails to allege any facts to support

that a custom or policy of Poinsett County resulted in the violation of her rights. Therefore, her

Complaint should be dismissed on this basis alone.

**B.     Personal Capacity**

Although I find Ms. Ferguson's Complaint should be dismissed for the reasons cited above,

Defendant also argues that Plaintiff has failed to alleged facts to support personal capacity liability.

Upon careful review, I find the facts before me, construed in the light most favorable to Plaintiff,

do not establish a constitutional violation.

1.     Conditions of Confinement

Although "[t]he Constitution does not mandate comfortable prisons," humane conditions

of confinement include "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*,

511 U.S. 825, 832 (1994). Plaintiff was incarcerated at the jail as a pretrial detainee, so the due

process standard of the Fourteenth Amendment applies to determine the constitutionality of her

conditions of confinement. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). In the Eighth Circuit,

however, the standards applied to such claims are the same as those applied to Eighth Amendment

claims. *Whitnack v. Douglas County,* 16 F.3d 954, 957 (8th Cir. 1994). In order to support an

Eighth Amendment violation, Plaintiff must prove the existence of objectively harsh conditions of

confinement, together with a subjectively culpable state of mind by the Sheriff in condoning or

creating the conditions. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993). The

"defendant's conduct must objectively rise to the level of a constitutional violation by depriving

the plaintiff of the 'minimal civilized measure of life's necessities'. . . The defendant's conduct

must also reflect a subjective state of mind evincing deliberate indifference to the health or safety

of the prisoner." *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (quoting *Rhodes v.

Chapman*, 452 U.S. 337, 342 (1981) and *Estelle v. Gamble*, 429 U.S. 97, 104 (1977)). "To be

cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety. . . ." *Wilson v. Seiter*, 501 U.S. 294, 298-9 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Furthermore, "discomfort compelled by conditions of confinement, without more, does not violate the amendment." *Smith v. Coughlin*, 748 F.2d 783, 787 (2nd Cir. 1984) (quoting *Jackson v. Meachum*, 699 F.2d 578, 581 (1st Cir. 1983)).

In this case, while Plaintiff's allegations are somewhat concerning - especially exposure to potentially harmful mold – she has simply failed to state any claims of constitutional magnitude. On the face of Plaintiff's Complaint, it appears that the Sheriff and jail staff were at least trying to address the problem. (Doc. No. 2 at 4.) And while Plaintiff states she has fallen numerous times, she fails to state she suffered any injury as a result of her falls. Additionally, the grievance she submitted as a part of her Complaint shows that Sheriff Mills responded by saying, "They are working on the shower today."

Additionally, according to Defendant's Statement of Undisputed Material Facts, Plaintiff has never filed a "grievance or medical request" for any physical injury stemming from her falls in the E-pod shower. (Doc. No. 16 at 2.) And Plaintiff never sought medical treatment or otherwise complained of allergy symptoms stemming from the mold. *Id.*

Moreover, Patricia Marshall, Jail Captain responsible for the health and safety of all Detention Center inmates at all times relevant to Plaintiff's Complaint, provided an affidavit and states the shower was inspected daily by detention officers. (Doc. No. 15-2 at 2.) Ms. Marshall also states she "was in there 3-4 times per week." *Id.* She admits the shower walls and floors would remain wet, but to address the problem they used a "wet/dry shop vacuum . . . [to] vacuum up water standing on the shower enclosure floor, as well as the steps leading away from the

shower." *Id.* at 1-2. Ms. Marshall was also aware mold could form in the shower areas, so when spots of mold would accumulate on the walls, cleaning solution containing bleach would be provided to the inmates to remove the mold. *Id.* at 2.

On March 8, 2016, roughly six months before Plaintiff filed her Complaint, the Arkansas Department of Finance and Administration Criminal Detention Facilities Review Committees conducted an inspection of the jail. (Doc. No. 15-3.) While the report did not directly mention the shower, the report notes, "The Kitchen area and cell areas are very clean and well maintained." *Id.* at 2.)

Lastly, Plaintiff has not responded with anything to rebut Defendant's evidence. *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) ("When the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.") (quoting *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 569, 11 S.W.3d 531 (2000) (internal quotations omitted)). Therefore, I find Defendant should be entitled to summary judgment and this matter should be dismissed with prejudice.

## V.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.    Defendant's Motion for Summary Judgment (Doc. No. 14) be GRANTED.

2.    Plaintiff's Complaint (Doc. No. 2) be DISMISSED WITH PREJUDICE.

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 30th day of May, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE